T.C. Memo. 2008-300

UNITED STATES TAX COURT

THOMAS P. RUGGERI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6340-06.                    Filed December 30, 2008.

Thomas P. Ruggeri, pro se.

<u>James H. Harris, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2002 Federal income tax of $57,558 and additions to tax under section 6651(a)(1) of $12,951, under section 6651(a)(2) of $8,921, and under section 6654 of $1,923.

Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as in effect for the year in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts have been rounded to the nearest dollar.

After concessions,[1] the issues for decision are: (1) Whether petitioner is liable for a section 6651(a)(1) addition to tax for failure to file a timely return for 2002; and (2) whether petitioner is liable for a section 6651(a)(2) addition to tax for failure to pay the amount shown as tax due on a return for 2002.

FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated by this reference. At the time the petition was filed, petitioner resided in New Jersey.

Petitioner did not file a timely Federal income tax return for 2002. By a statutory notice of deficiency dated January 3, 2006, respondent determined an income tax deficiency of $57,558 and additions to tax pursuant to section 6651(a)(1) of $12,951, pursuant to section 6651(a)(2) of $8,921, and pursuant to section 6654 of $1,923, with respect to petitioner's 2002 taxable year. Petitioner filed a timely petition for redetermination.

---

[1]Respondent has conceded that petitioner is not liable for an addition to tax pursuant to sec. 6654 for 2002. The parties have stipulated petitioner has a balance due with respect to his 2002 Federal income tax of $7,692.

On January 9, 2007, approximately 1 year after the notice of deficiency was issued and 9 months after the petition was filed, petitioner and his wife filed a joint Federal income tax return for 2002 which respondent accepted as filed. On the basis of the accepted return, respondent now concedes that the deficiency is equal to $39,328, the amount reported on the delinquent return, that petitioner is not subject to an addition to tax pursuant to section 6654, and that the additions to tax under section 6651(a)(1) and (2) are in the lesser amounts of $1,731 and $1,769,[2] respectively.

The accepted return reported tax due of $39,328, withholdings of $31,636, and no other tax payments for 2002, resulting in a balance due of $7,692. The return reported wages of $204,844 in connection with petitioner's services as a sales manager.[3]

Petitioner's returns for 1999, 2000, and 2001 were all filed late. Sometime in 1997 petitioner's wife had contracted Lyme disease. She had a severe case which left her bedridden at times. Petitioner believed that the disruption in his household, which included three minor children, caused by his wife's illness would prevent him from filing on time, and so he instructed his

---

[2]Computed as of Jan. 16, 2007.

[3]Petitioner's pay stubs reported his earnings as divided between "regular", "bonus", and "commissions".

employer to "over-withhold" on his earnings in an effort to eliminate any penalties for late filing. The 1999 return was filed, and the 2000 and 2001 returns were mailed, exactly 3 years after their due dates, on April 15 of 2003, 2004, and 2005, respectively. The returns all reported overpayments of tax, ranging from $3,882 to $16,100.

Petitioner was aware that his return for 2002 was due on April 15, 2003. He believed that he was in an overpayment posture for 2002 (as he had been with the prior 3 years' returns) and was preoccupied with filing his 1999 return on or before April 15, 2003. Petitioner learned that his withholdings for 2002 were less than the tax due for that year, and that he had a balance due, sometime in 2006 after respondent had issued a notice of deficiency for 2002 in January of 2006.

OPINION

We must decide whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file a timely return for 2002, and under section 6651(a)(2) for failure to pay the amount shown as tax due on a return for 2002.

Under section 7491(c), respondent has the burden of production with respect to petitioner's liability for the additions to tax. This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant [penalties]". Higbee v. Commissioner, 116

T.C. 438, 446 (2001). Once respondent meets his burden of production, petitioner bears the burden of proof with respect to any exculpatory factors such as reasonable cause. See id. at 446-447. The determination of whether reasonable cause exists is based on all the facts and circumstances. See Estate of Hartsell v. Commissioner, T.C. Memo. 2004-211; Merriam v. Commissioner, T.C. Memo. 1995-432, affd. without published opinion 107 F.3d 877 (9th Cir. 1997).

Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for any failure to file a return by its due date. The addition is equal to 5 percent of the amount required to be shown as tax on the return for each month or portion thereof that the return is late, up to a maximum of 25 percent. See id. The addition is imposed on the net amount due, calculated by reducing the amount required to be shown as tax on the return by any part of the tax which is paid on or before its due date. See sec. 6651(b)(1).

The addition will not apply if it is shown that the failure to file a timely return was due to reasonable cause and not due to willful neglect. See sec. 6651(a)(1); see also United States v. Boyle, 469 U.S. 241, 245 (1985). A failure to file is due to reasonable cause "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time". Sec. 301.6651-1(c)(1), Proced. &

Admin. Regs.; see United States v. Boyle, supra at 246. Willful neglect is interpreted as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

Petitioner's return for 2002 was due on April 15, 2003. See sec. 6072(a). Petitioner filed a return for 2002 on January 9, 2007, almost 4 years after its due date. These undisputed facts satisfy respondent's burden of production under section 7491(c) and establish petitioner's liability for the section 6651(a)(1) addition to tax unless petitioner can establish reasonable cause for his failure to file timely. See Higbee v. Commissioner, supra at 446.

Petitioner claims that his late filing was due to reasonable cause because: (1) He had a good-faith belief that he was in an overpayment posture for 2002 and thus not subject to penalties on the late filing; and (2) the circumstances surrounding his wife's Lyme disease and its ongoing complications caused extreme disruption in his household which precluded timely filing.

We have no reason to doubt that petitioner believed he was in an overpayment posture for 2002 when he let the filing deadline pass. He had overpayments for the 3 preceding years, and he plausibly explained that for 2002 his employer apparently made an error in the rate of withholding used with respect to petitioner's commission income as compared to petitioner's regular salary. Nonetheless, his good-faith but mistaken belief

that the section 6651(a)(1) addition would not apply because the year's tax had been overpaid does not constitute reasonable cause. See Morgan v. Commissioner, T.C. Memo. 1984-384, affd. 807 F.2d 81 (6th Cir. 1986); Wilkinson v. Commissioner, T.C. Memo. 1982-429.

Petitioner also claims that the circumstances surrounding his wife's Lyme disease and its ongoing complications constitute reasonable cause for his late filing. The Court has found reasonable cause where the taxpayer or a member of the taxpayer's family experiences an illness or incapacity that prevents the taxpayer from filing his or her tax return. See, e.g., Tabbi v. Commissioner, T.C. Memo. 1995-463 (reasonable cause found where the taxpayers' son had heart surgery and the taxpayers spent 4 months continuously in the hospital with him, and the taxpayers filed their return 2 months after their son's death); Harris v. Commissioner, T.C. Memo. 1969-49 (reasonable cause found where the taxpayer's activities were severely restricted, and the taxpayer was in and out of hospitals because of various severe medical ailments including stroke, paralysis, heart attack, bladder trouble, and breast cancer).

On the other hand, the Court has not found reasonable cause where the taxpayer does not timely file but is able to continue his or her business affairs despite the illness or incapacity. See, e.g., Judge v. Commissioner, 88 T.C. 1175, 1189-1191 (1987)

(no reasonable cause found where the taxpayer had a long history of delinquent filing of returns and the taxpayer was actively involved in preparing and executing business-related documents despite illness during years at issue); Watts v. Commissioner, T.C. Memo. 1999-416 (reasonable cause not found where, although the taxpayer's mother and daughter were both ill and the taxpayer frequently took them to see doctors, the taxpayer also performed extensive architectural services in the taxpayer's business); Wright v. Commissioner, T.C. Memo. 1998-224 (reasonable cause not found where the taxpayer had capacity to attend to matters other than filing tax returns despite the trauma of his mother's disappearance and death), affd. without published opinion 173 F.3d 848 (2d Cir. 1999).

While we do not minimize the difficulties that may have arisen on account of petitioner's wife's illness in a household with three children, the fact remains that petitioner remained gainfully employed, earning significant income during 1999 through 2002 after the onset of his wife's illness.  In his trial testimony petitioner certainly implied that he remained similarly employed during 2003 (when his 2002 return became due); in any event, there is no evidence that he became unemployed or that he experienced significantly greater disruption in 2003 from his wife's illness than had been experienced in previous years.  In

sum, petitioner was able to attend to business matters during the period.

In addition, petitioner was a chronic late filer. He conceded that he was aware that his 2002 return was due on April 15, 2003, but that he was preoccupied with getting his 1999 return filed at that time. His 1999 return was filed, and his 2000 and 2001 returns were mailed, exactly 3 years after their due dates--that is, petitioner was filing one return per year notwithstanding a 3-year backlog. The pattern was broken with respect to the 2002 return because petitioner received a notice of deficiency for that year in January 2006. "[O]rdinary business care and prudence" requires greater diligence in the circumstances of a multiyear delinquency. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; cf. Judge v. Commissioner, supra at 1189-1191 (history of delinquency relevant to lack of reasonable cause for late filing).

On the basis of the foregoing, we hold that petitioner did not have reasonable cause for his failure to file timely. Accordingly, we sustain respondent's determination of the section 6651(a)(1) addition to tax for 2002.

Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for any failure to pay the tax shown on a return on or before the date prescribed for payment of such tax. The addition is equal to 0.5

percent of the amount shown as tax on the return for each month, or fraction thereof, during which the failure to pay continues, up to a maximum of 25 percent.[4] See id. For purposes of computing the addition to tax for any given month, the amount of tax shown on the return is reduced by the amount of the tax which is paid on or before such month, and by the amount of any credit against the tax which may be claimed on the return. See sec. 6651(b)(2). Amounts withheld from wages as tax during any calendar year are allowed as a credit against the income tax of the wage recipient for the taxable year which begins in that calendar year. See sec. 31(a).

The addition will not apply if it is shown that the failure to pay timely was due to reasonable cause and not due to willful neglect. See sec. 6651(a)(2). A failure to pay is due to reasonable cause if the taxpayer "exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship * * * if he paid on the due date." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see Merriam v. Commissioner, T.C. Memo. 1995-432. "'Undue hardship' requires more than an inconvenience to the taxpayer; it requires the risk

---

[4]The sec. 6651(a)(1) addition to tax is reduced by the amount of the sec. 6651(a)(2) addition for any month (or fraction thereof) to which an addition to tax applies under sec. 6651(a)(1) and (2). See sec. 6651(c)(1).

of a substantial financial loss resulting from making the tax payment on time." Merriam v. Commissioner, supra.

Petitioner's return for 2002 showed a tax due of $7,692. Petitioner conceded that, as of the time of trial, no portion of this amount had been paid. These undisputed facts satisfy respondent's burden of production under section 7491(c) and establish petitioner's liability for the section 6651(a)(2) addition to tax unless petitioner can establish reasonable cause for his failure to pay timely. See Higbee v. Commissioner, 116 T.C. at 446.

Petitioner makes the same claim of reasonable cause with respect to the section 6651(a)(2) addition as previously discussed; namely, that he believed he had overpaid his tax for 2002. But reasonable cause for purposes of the section 6651(a)(2) addition depends upon whether the taxpayer, notwithstanding the exercise of ordinary business care and prudence, was in fact unable to pay or would suffer undue hardship if payment were made. See Bray v. Commissioner, T.C. Memo. 2008-113; Estate of Landers v. Commissioner, T.C. Memo. 2006-230; Parker v. Commissioner, T.C. Memo. 2006-43. Petitioner offered no evidence tending to show the foregoing.

We therefore hold that petitioner did not have reasonable cause for his failure to pay timely. Accordingly, we sustain

respondent's determination of the section 6651(a)(2) addition to tax for 2002.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.