T.C. Summary Opinion 2009-159

UNITED STATES TAX COURT

GREGORY PAUL GRUNSTED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15654-08S.                    Filed October 14, 2009.

Gregory Paul Grunsted, pro se.

<u>Melissa J. Hedtke</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion shall not be treated as
precedent for any other case.  Unless otherwise indicated,

subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $20,347 in petitioner's 2004 Federal income tax and additions to tax under sections 6651(a)(1) and (2) and 6654(a). The parties agree that the deficiency in petitioner's 2004 Federal income tax is $12,638. Therefore, the issue remaining for decision is whether petitioner is liable for the additions to tax.

<u>Background</u>

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. For convenience, the Court includes some of the facts in the discussion portion of the opinion. When the petition was filed, petitioner resided in Minnesota.

Petitioner failed to file a Federal income tax return, failed to pay his Federal income tax, and failed to pay his estimated tax for 2004. Respondent, from third-party payor reports, determined that petitioner received and failed to report various income items. Respondent prepared a substitute for return (SFR) for petitioner in December 2007. The SFR reflects that respondent determined total income of $72,120 and that respondent allowed petitioner an adjustment to income of

$4,324.50, a personal exemption of $3,100, and a standard deduction of $4,850 for net taxable income of $59,845.50. Respondent computed an income tax of $11,698 and a self-employment tax of $8,649 for a net tax of $20,347. Respondent further determined additions to tax for failure to file, failure to pay, and failure to pay estimated tax.

In March 2008 respondent sent petitioner a notice of deficiency reflecting the aforementioned adjustments. Thereafter, petitioner submitted a 2004 Form 1040, U.S. Individual Income Tax Return, to respondent on December 2, 2008.[1] On the Form 1040 petitioner reported some income items, claimed certain deductions, and reported an income tax liability of $6,281 but no self-employment tax. As indicated, the parties agree as to the amount of the deficiency, and the only dispute is whether petitioner is liable for the additions to tax.

## Discussion

Initially, the Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount. Sec. 7491(c). The Commissioner satisfies this burden of production by coming forward with sufficient evidence that indicates that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies this burden of production, the taxpayer

_____

[1]Respondent has not accepted the 2004 Form 1040 as filed.

must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception.  Id.

I.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[2]  The section 6651(a)(1) addition to tax is equal to 5 percent of the amount of tax required to be shown on the return if the failure is not for more than 1 month, with an additional 5 percent to be added for each month or partial month during which the failure to file continues, not to exceed 25 percent in the aggregate.

Petitioner was required to file his 2004 Form 1040 by April 15, 2005, because his gross income for 2004 exceeded his filing threshold and respondent had not granted him an extension of time to file.  See secs. 6012(a)(1)(A)(i), 6072(a), 6081(a); Rev. Proc. 2003-85, sec. 3.10(1), 3.16(1), 2003-2 C.B. 1184, 1188. Petitioner did not do so.  Respondent has produced sufficient

_____

[2]If the Secretary makes a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).  Sec. 6651(g).

evidence that petitioner is liable for the section 6651(a)(1) addition to tax unless an exception applies.  See <u>Higbee v. Commissioner</u>, <u>supra</u> at 446; <u>Ruggeri v. Commissioner</u>, T.C. Memo. 2008-300.

II.  <u>Section 6651(a)(2) Addition to Tax</u>

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the taxpayer's return on or before the date prescribed (determined with regard to any extension of time for payment) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.  The section 6651(a)(2) addition to tax is equal to 0.5 percent of the amount of tax required to be shown on the return if the failure is not for more than 1 month, with an additional 0.5 percent to be added for each month or partial month during which the failure to pay continues, not to exceed 25 percent in the aggregate.[3]

Respondent submitted a copy of the SFR that he prepared for petitioner, and petitioner did not pay his 2004 Federal income tax as shown on the SFR by April 15, 2005.  See <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); <u>Hawkins v. Commissioner</u>, T.C. Memo. 2008-168.

_____

[3]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month to which an addition to tax applies under both paragraphs.  Sec. 6651(c)(1).

Respondent has produced sufficient evidence that petitioner is liable for the section 6651(a)(2) addition to tax through December 2007 unless an exception applies. See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, supra.

III. Exceptions to the Section 6651(a)(1) and (2) Additions to Tax

Reasonable cause is a defense to the section 6651(a)(1) and (2) additions to tax. To prove reasonable cause for a failure to file timely, the taxpayer must show that he/she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. To prove reasonable cause for a failure to pay the amount shown as tax on a return, the taxpayer must show that he/she exercised ordinary business care and prudence in providing for payment of his/her tax liability and nevertheless was either unable to pay the tax or would suffer undue hardship if he/she paid the tax on the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. In determining whether the taxpayer was unable to pay the tax in spite of the exercise of ordinary business care and prudence, consideration will be given to all of the facts and circumstances of the taxpayer's financial situation, including the amount and nature of the taxpayer's expenditures in view of the income (or other amounts) he/she could at the time of the expenditures reasonably expect to

receive before the date prescribed for the payment of the tax. See id.

From 1990 through 2004 petitioner was working to build his business at an investment banking firm (firm). He testified about strife at the firm because of "internal politicking", "a dysfunctional board of directors", the "shenanigans" of management, "negative repercussions" from its mergers, and the effects of its weak capital structure and its releasing of stock before payment that caused it to "implode". Also, the September 2001 terrorist attacks occurred, which had a negative impact on the financial services industry. Petitioner also indicated that his father had a heart attack in 2003 and subsequently died. According to petitioner, he was just "bumping" along, but he decided to "grind" it out because he believed things would improve. Petitioner found new employment late in 2002, but his income was reduced by 40 percent. He did not realize that he was depressed. While petitioner attempted to get back into his routine in 2004, he did not make estimated tax payments.

The Court recognizes that petitioner had some difficult work and personal circumstances during the year in issue. The Court concludes, however, that these circumstances do not give rise to a reasonable cause defense. When asked by the Court whether petitioner was on medication or getting medical treatment for depression, he merely replied: "Coffee". Petitioner remained

gainfully employed during 2004, and there is no evidence that he was not employed through April 2005.  The Court has consistently held that if a taxpayer is able to continue his/her business affairs despite an illness or incapacity, then the illness or incapacity does not establish reasonable cause.  Ruggeri v. Commissioner, T.C. Memo. 2008-300 (and cases cited therein); Hazel v. Commissioner, T.C. Memo. 2008-134; Jordan v. Commissioner, T.C. Memo. 2005-266 (and cases cited therein).  Similarly, the Court has also held that a taxpayer's selective incapacity or inability to meet his/her tax obligations when he/she can conduct normal business activities does not establish reasonable cause.  Jordan v. Commissioner, supra; Wright v. Commissioner, T.C. Memo. 1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999); Tabbi v. Commissioner, T.C. Memo. 1995-463.  Consequently, respondent's determinations are sustained.

IV.  Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax on an underpayment of estimated income tax unless an exception applies.  The section 6654(a) addition to tax is determined by applying the underpayment rate established under section 6621 to the amount of the underpayment[4] for the period of the underpayment.[5]  The

_____

[4]"[A]mount of the underpayment" means the excess of the required installment over the amount, if any, of the installment
(continued...)

addition to tax is also calculated with reference to four required installment payments. Sec. 6654(c)(1); <u>Wheeler v. Commissioner</u>, 127 T.C. at 210. Each required installment of estimated income tax is equal to 25 percent of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is generally equal to the lesser of: (1) 90 percent of the tax shown on the taxpayer's return for the year (or 90 percent of the taxpayer's tax for the year if no return is filed); or (2) 100 percent of the tax shown on the return if the taxpayer filed a return for the immediately preceding taxable year. Sec. 6654(d)(1)(B); <u>Wheeler v. Commissioner</u>, <u>supra</u> at 210-211.

Petitioner was required to file his 2004 Form 1040 by April 15, 2005, but he did not do so. In addition, the parties submitted a copy of petitioner's 2003 Form 1040, and they agree that petitioner did not make any estimated income tax payments for 2004. Respondent has produced sufficient evidence that

---

[4](...continued)
paid on or before the due date for the installment. Sec. 6654(b)(1).

[5]The period of the underpayment runs from the due date for the installment to the earlier of the 15th day of the 4th month following the close of the taxable year or with respect to any portion of the underpayment, the date on which such portion is paid. Sec. 6654(b)(2).

petitioner is liable for the section 6654(a) addition to tax

unless an exception applies.

V.  Exceptions to the Section 6654(a) Addition to Tax

Generally, no reasonable cause exception exists for the

section 6654(a) addition to tax.  Sec. 1.6654-1(a)(1), Income Tax

Regs.; see also Bray v. Commissioner, T.C. Memo. 2008-113.  But

no addition to tax is imposed under section 6654(a) with respect

to any underpayment if the Secretary determines that the taxpayer

became disabled[6] in either the taxable year for which estimated

income tax payments were required or in the preceding taxable

year and the underpayment was due to reasonable cause and not

willful neglect.  Sec. 6654(e)(3)(B).  Additionally, no addition

to tax is imposed under section 6654(a) with respect to any

underpayment to the extent the Secretary determines that by

reason of casualty, disaster, or other unusual circumstances the

imposition of the addition to tax would be against equity or good

conscience.  Sec. 6654(e)(3)(A).

---

[6]The term "disabled" includes a significant psychiatric
disorder and mental incapacitation during the period under
consideration, Shaffer v. Commissioner, T.C. Memo. 1994-618, or
confinement to various hospitals for "severe mental illness",
Carnahan v. Commissioner, T.C. Memo. 1994-163, affd. without
published opinion 70 F.3d 637 (D.C. Cir. 1995); see also Jones v.
Commissioner, T.C. Memo. 2006-176; Meyer v. Commissioner, T.C.
Memo. 2003-12 (taxpayer's severe health problems and mental
condition incapacitated him; thus, a sec. 6654(e) exception was
applicable).  In addition, the disability may constitute
reasonable cause.  Jones v. Commissioner, supra.

Petitioner has not established a disability within the meaning of section 6654(e)(3)(B). He also has not established a casualty, a disaster, or other unusual circumstances for which the imposition of the section 6654(a) addition to tax would be against equity or good conscience. Consequently, respondent's determination is sustained.[7]

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[7]As indicated, the parties have agreed that the deficiency for 2004 is $12,638. The Court leaves it to the parties to compute the additions to tax based upon this deficiency.