T.C. Summary Opinion 2011-104

UNITED STATES TAX COURT

KENNETH NORDEEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9840-09S.                    Filed August 29, 2011.

Kenneth Nordeen, pro se.

<u>Michael J. Gabor</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.[1]  Pursuant to
section 7463(b), the decision to be entered is not reviewable by

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.  All dollar amounts are rounded to the nearest
dollar.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,239 deficiency in petitioner's 1999 Federal income tax and a $7,752 deficiency in petitioner's 2000 Federal income tax. Respondent also determined section 6651(a)(1) additions to tax of $1,310 and $1,938 for 1999 and 2000, respectively. After concessions,[2] the issues for decision for the tax year 1999 are: (1) Whether petitioner is entitled to a deduction for expenses in excess of $253,355 claimed on Schedule C, Profit or Loss From Business, and (2) whether petitioner is liable for an addition to tax under section 6651(a)(1).[3]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Florida at the time the petition was filed.

Petitioner worked as a self-employed general contractor on various properties owned by Thomas Hoy (Mr. Hoy) during the year at issue. Mr. Hoy paid petitioner by check. Petitioner cashed

---

[2]Respondent conceded that there is no deficiency or addition to tax due from petitioner for the taxable year 2000.

[3]Respondent also determined that petitioner is liable for self-employment tax of $3,113. This is a computational adjustment and was not addressed at trial.

the checks, using some of the proceeds to purchase supplies and materials for the construction of Mr. Hoy's home. Petitioner retained some records with respect to his income-producing activity; however, many of petitioner's records were destroyed in a hurricane.

Mr. Hoy issued a Form 1099-MISC, Miscellaneous Income, reflecting that he paid petitioner $274,366 in nonemployee compensation in 1999.[4] Petitioner filed his 1999 Form 1040, U.S. Individual Income Tax Return, on December 19, 2005, as married filing separately and reported gross receipts and gross income of $275,386. Petitioner deducted expenses of $278,575, reflecting a loss of $3,189.

Petitioner's Schedule C reflected the following deductions:

| Description | Amount Claimed |
| --- | --- |
| Depreciation and section 179 expense deduction | $3,800 |
| Insurance | 3,500 |
| Legal and professional services | 2,800 |
| Rent or lease (vehicles, machinery, and equipment) | 5,100 |
| Supplies | 125,000 |
| Deductible meals and entertainment | 275 |
| Wages | 135,000 |

---

[4]Mr. Hoy included on Form 1099 funds he paid petitioner to purchase supplies. See our discussion infra.

| | |
|---|---|
| Other expenses (cell phone) | 3,100 |
| Total expenses | 278,575 |

Petitioner did not initially provide respondent with any documents to substantiate the expenses deducted on Schedule C. Respondent allowed $253,355 of Schedule C deductions by using a gross profit percentage based on industry norms for 1999. Respondent mailed petitioner a notice of deficiency on January 27, 2009.[5]

## Discussion

### I. Burden of Proof

A notice of deficiency is generally presumed correct, and the taxpayer bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If the taxpayer satisfies certain substantiation and recordkeeping requirements, the burden of proof regarding factual matters may shift to the Commissioner. See sec. 7491(a). Petitioner has not alleged, and we do not find, that the burden of proof should shift to respondent. See sec. 7491(a)(2)(A) and (B).

_____

[5]At some point before trial petitioner found some records relating to his Schedule C activity. Also at some point before trial petitioner claimed entitlement to dependency exemption deductions and a medical expense deduction for the taxable year 1999. The dependency exemption deductions and the medical expense deduction were not claimed on the Federal income tax return, nor were these issues raised in the petition. The Court permitted petitioner the opportunity to raise these issues and present evidence at trial. Petitioner, however, did not present any evidence at trial, and accordingly, no adjustments are allowed for these claims.

Income tax deductions are a matter of legislative grace, and the burden of clearly showing the right to the claimed deduction is on the taxpayer. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer is generally allowed deductions under section 162 for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. To qualify as a deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 352 (1971); Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful in carrying on the trade or business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, supra at 113; Heineman v. Commissioner, 82 T.C. 538, 543 (1984). An expense is ordinary when it is "of common or frequent occurrence in the type of business involved." Deputy v. du Pont, supra at 495.

A taxpayer must maintain sufficient records to enable the Commissioner to determine his correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. A taxpayer must also substantiate the purpose and amount of the deductions claimed.

Higbee v. Commissioner, 116 T.C. 438, 440 (2001); Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Merely claiming a deduction on a Federal income tax return is not sufficient to substantiate those deductions.  Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974).

Within the limitations set by section 274(d), if a taxpayer is unable to substantiate his deductions, the Court is permitted to estimate the deductible amount after the taxpayer has established that he incurred deductible expenses.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  A taxpayer must provide sufficient evidence to establish a rational basis upon which we can make the estimate.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

II.  Schedule C Expense Deductions

Respondent allowed petitioner a deduction of $253,355 for 1999.  Although petitioner was able to provide some documentation of expenses for 1999, petitioner's testimony, combined with the records produced, does not support deductible expenses in excess of the amount respondent allowed.  Because petitioner has been unable to substantiate deductions in excess of $253,355 for 1999, we sustain respondent's determination.

We note that respondent's revenue agent indicated to the Court that she believed the Form 1099-MISC overstated gross income, in that the Form 1099-MISC included funds Mr. Hoy gave petitioner to purchase supplies and materials for the construction of Mr. Hoy's home. Assuming the Court were to conclude that the Form 1099-MISC was overstated as respondent's agent suggested, we would be inclined to sustain respondent's deficiency determination in any event.

Petitioner credibly testified that he took a weekly "draw" from funds received from Mr. Hoy as his pay for work done. Petitioner indicated that the amount of the draw was approximately $450 for the first 5-1/2 half months of 1999 and approximately $900 for the following 6-1/2 months. Accepting petitioner's testimony, we could conclude that petitioner received approximately $36,450 of gross income during 1999.[6] Petitioner did not present any evidence of expenses to offset this income. Thus, under this theory, we could conclude that the amount of the deficiency would be greater than that determined by respondent. As respondent did not raise this alternative theory nor make any claim for an increased deficiency, we do not consider this question any further. This discussion simply

---

[6]We compute this amount on the basis of 23 weeks x $450 = $10,350 + 29 weeks x $900 = $26,100. This equals $36,450.

illustrates that by his own testimony, petitioner appears to have understated his taxable income.

III.  Addition to Tax

Section 6651(a)(1) generally provides that there will be an addition to tax for a failure to file a timely return unless a taxpayer can show that the failure to file is on account of reasonable cause and not willful neglect.

Respondent satisfied his burden of production under section 7491(c) by establishing that petitioner did not file his 1999 Federal income tax return by its due date.  Therefore, petitioner bears the burden of proving that his failure to file a return was due to reasonable cause and not due to willful neglect.  See sec. 6664(c); Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, T.C. Memo. 2008-300.

A taxpayer can establish that his failure to timely file was due to reasonable cause if he exercised ordinary business care and prudence and was nevertheless unable to file his return in time.  United States v. Boyle, 469 U.S. 241, 246 (1985); Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect is the conscious, intentional failure to file, or reckless indifference to the obligation to file a tax return.  United States v. Boyle, supra at 245.

Petitioner has not offered, and we do not find, that he had reasonable cause for failing to file his 1999 Federal income tax return by the date prescribed by law.

To reflect the foregoing and on the basis of the concessions,

<u>Decision will be entered for respondent as to 1999 and for petitioner as to 2000</u>.