T.C. Memo. 2013-242

UNITED STATES TAX COURT

THOMAS P. RUGGERI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5512-12.                     Filed October 23, 2013.

Thomas P. Ruggeri, pro se.

Jonathan E. Behrens, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  Respondent determined a deficiency and additions to tax
with respect to petitioner's Federal income tax:

[*2]

|  |  | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2008 | $144,366 | $10,045.12 | [1]$6,473.52 | $1,078.73 |

[1]The amount of any addition to tax pursuant to sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

After concessions,[1] the issues for decision are: (1) whether petitioner is liable for the additions to tax under section 6651(a)(1)[2] and (2); and (2) whether in calculating the additions to tax under section 6651(a)(1) and (2), respondent properly increased the $10,129 petitioner reported as unpaid tax on line 75 of the return by the $5,000 petitioner claimed as a payment applied from his 2007 return that had been previously refunded to him.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in New Jersey.

---

[1]Respondent concedes that petitioner is not liable for the sec. 6654(a) addition to tax. Petitioner and respondent have agreed that the tax deficiency is $114,812.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**   Petitioner delinquently filed his 2007 Federal income tax return on February 15, 2011, reporting an overpayment of $12,479.[3]  Of this amount, petitioner requested that $7,479 be refunded to him and that $5,000 be applied to his 2008 estimated tax.  Respondent refunded the entire amount of the overpayment, $12,479, in July 2011.

Petitioner was employed by Symantec Corp. during the 2008 taxable year. Petitioner did not timely file a Federal income tax return for 2008.[4]  Respondent prepared a substitute for return (SFR) for 2008 on the basis of information returns filed by third-party payors with the Internal Revenue Service.

On November 28, 2011, respondent issued to petitioner a notice of deficiency.  On February 27, 2012, petitioner filed a joint income tax return with his wife for the 2008 taxable year.  The joint return reported a tax liability of $114,812.  The parties agree that this is the correct tax liability.  Respondent assessed the tax shown on the joint return, as well as additions to tax pursuant to section 6651(a)(1) and (2).

---

[3]Petitioner's 2007 tax return was required to be filed on April 15, 2008, to be timely.  See sec. 6072(a).

[4]We note that petitioner also did not timely file his Federal income tax returns for the taxable years 1999, 2000, 2001, 2002, 2006, and 2007.  In Ruggeri v. Commissioner, T.C. Memo. 2008-300, this Court held that petitioner was liable for additions to tax under sec. 6651(a)(1) and (2) for the taxable year 2002.

**[*4]**   On the joint 2008 Federal income tax return petitioner claimed withheld tax of $99,683 and a $5,000 payment to be applied from his 2007 return.  Petitioner reported $10,129 as the amount of unpaid tax on line 75 of the joint return.[5] However, in July 2011, prior to filing the 2008 return on February 27, 2012, petitioner received as a refund the $5,000 he had claimed as a payment to be applied from his 2007 return.  Therefore, respondent determined that $15,129 was the amount required to be shown as unpaid tax on line 75 of the 2008 return. Consequently, respondent assessed the section 6651(a)(1) and (2) additions to tax based on this amount.

OPINION

Respondent has the burden of production with respect to the section 6651(a)(1) and (2) additions to tax.  See sec. 7491(c).  To meet this burden, respondent must produce evidence showing that the additions to tax are appropriate.  See id.; Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once respondent satisfies this burden, petitioner has the burden of proof with respect to exculpatory factors such as reasonable cause.  See Higbee v. Commissioner, 116 T.C. at 446-447.

_____

[5]Tax liability of $114,812 minus $99,683 of withheld tax minus a claimed $5,000 payment to be applied from his 2007 tax return = $10,129.

- 5 -

**[*5]** Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a timely return unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition to tax is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. Id.

Section 6651(b)(1) provides that for purposes of computing the addition to tax under section 6651(a)(1) "the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return".

Petitioner filed a joint Federal income tax return for the 2008 taxable year on February 27, 2012. Petitioner's 2008 tax return was required to be filed by April 15, 2009, to be timely. See sec. 6072(a). Thus, we find that respondent has met his burden of production.

Petitioner has not produced any evidence indicating that his failure to file a timely return was due to reasonable cause. Instead, petitioner argues that the $5,000 he claimed as a payment to be applied from his 2007 return, which he

[*6] received as a refund in July 2011, should be subtracted from the amount required to be shown as tax on the 2008 return in calculating the addition to tax under section 6651(a)(1).

Section 6402(a) provides:

In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall * * * refund any balance to such person. [Emphasis added.]

Section 6402(a) provides that "the IRS 'shall' refund any overpayment not otherwise credited, but the IRS 'may credit' an overpayment to another liability." Weber v. Commissioner, 138 T.C. 348, 356 (2012). As a result, under section 6402(a) the Commissioner has the discretion, but is not required, to credit an overpayment to another liability of the taxpayer. See also Pettibone Corp. v. United States, 34 F.3d 536, 538 (7th Cir. 1994) ("The Internal Revenue Code leaves to the Commissioner's discretion whether to apply overpayments to delinquencies or to refund them to the taxpayer."). If the Commissioner does not credit an overpayment to another liability of the taxpayer, then section 6402(a) requires the Commissioner to refund the overpayment. "Thus, a taxpayer may request a credit elect overpayment, but the IRS has discretion whether to allow it

**[\*7]** or instead to credit the overpayment to another liability owed by the taxpayer or to refund it." Weber v. Commissioner, 138 T.C. at 357.

The Commissioner had the discretion to refund the $5,000 that petitioner elected to be applied to his 2008 estimated tax liability.[6] Since the Commissioner refunded the entire amount of the overpayment from petitioner's 2007 return, no amount of the overpayment can be applied to petitioner's 2008 tax liability. As a result, for purposes of calculating the addition to tax under section 6651(a)(1), the "amount required to be shown as tax" on the return is $15,129. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).

Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional

[6]We note that the notice of deficiency for 2008 was not issued until November 28, 2011, which was several months after the Commissioner refunded the 2007 overpayment in July 2011.

**[*8]** 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%.[7] Id.

Section 6651(b)(2) provides that for purposes of computing the addition to tax under section 6651(a)(2) "the amount of tax shown on the return shall, for purposes of computing the addition for any month, be reduced by the amount of any part of the tax which is paid on or before the beginning of such month and by the amount of any credit against the tax which may be claimed on the return".

Petitioner has not paid any amount of the $15,129 that respondent determined was required to be shown as unpaid tax on his return. Therefore, respondent has met his burden of production.

Petitioner has not produced any evidence indicating that his failure to pay was due to reasonable cause. Instead, petitioner argues that the $5,000 he claimed as a payment to be applied from his 2007 return, which he received as a refund in July 2011, should be subtracted from the amount required to be shown as tax on his return in calculating the addition to tax under section 6651(a)(2).

As we have previously noted, petitioner received a refund of the 2007 overpayment; therefore, no amount of the overpayment can be applied to

---

[7]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month for which an addition to tax applies under both paragraphs. Sec. 6651(c)(1).

**[\*9]** petitioner's 2008 tax liability. As a result, for purposes of calculating the addition to tax under section 6651(a)(2), the "amount shown as tax" on the return is $15,129. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(2).

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.
