T.C. Summary Opinion 2015-65

UNITED STATES TAX COURT

ROBERT GLENN MCDOUGALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23565-13S.                    Filed November 9, 2015.

Robert Glenn McDougall, pro se.

<u>Joseph E. Nagy</u> and <u>Bryant W.H. Smith</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

---

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 8, 2013, respondent determined a deficiency of $10,920 in petitioner's 2010 Federal income tax, a section 6651(a)(1) addition to tax of $1,048.05 for failure to timely file a return, and a section 6651(a)(2) addition to tax of $721.99 for failure to timely pay tax.  After concessions,[2] the issues for decision are:  (1) whether petitioner received $4,171 of additional wage income; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his 2010 Federal income tax return; and (3) whether petitioner is liable for an addition to tax under section 6651(a)(2) for failure to timely pay tax for 2010.

---

[1](...continued)
Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The notice of deficiency included payments reported on Forms W-2, Wage and Tax Statement, from approximately 18 employers.  Before trial petitioner conceded receipt of all amounts of wage income except for the amounts from two employers:  $3,767 from Audio Visual Projection Services, Inc., and $404 from Swank Audio Visuals, LLC.

## Background

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in California.

During 2010 petitioner was a stagehand in California.  Petitioner worked out of a local union hall and did audiovisual work for conventions and business meetings.  He was hired as a temporary employee by various equipment providers who had the contracts for particular conventions and shows.  Petitioner submitted an hourly timesheet to each of his employers, who would then pay him by check.  Petitioner usually deposited checks to his bank account.  Sometimes petitioner would accumulate a few checks before making a deposit.  Petitioner is uncertain whether he received all of the Form W-2 income that respondent determined.

Petitioner was arrested the second week of January of 2011 and was incarcerated until June 2012.  Petitioner's motorhome and van were seized, and he lost all of his records after his arrest and incarceration.

Petitioner did not file a timely return for 2010.  On April 1, 2013, the Internal Revenue Service (IRS) prepared a substitute for return for 2010 under section 6020(b).  The IRS issued a notice of deficiency for 2010 dated July 8, 2013.

Petitioner timely filed a petition to dispute the determinations in the notice of deficiency. On November 5, 2014, respondent received petitioner's signed 2010 Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents. This return reported some of the income that respondent had determined in the notice of deficiency and included all of the determined withholding. Petitioner did not assert that he made any Federal tax payments in addition to the withholding and further claims that the withholding exceeds the tax owed, resulting in an overpayment of tax.

As indicated, petitioner conceded all of the income determined in the notice of deficiency with the exception of wage income of $3,767 from Audio Visual Projection Services, Inc., and $404 from Swank Audio Visuals, LLC. These employers issued petitioner 2010 Forms W-2 for the respective amounts. Petitioner explained that because all of his records were lost and his employers often paid him late or not at all, he does not know whether he was paid for all of the work that he performed in 2010.

In the notice of deficiency respondent also determined an addition to tax under section 6651(a)(1) for petitioner's failure to timely file his 2010 Federal income tax return and an addition to tax under section 6651(a)(2) for petitioner's failure to timely pay tax for 2010.

## Discussion

I.      Unreported Income

Gross income includes all income from whatever source derived.  Sec. 61(a).  In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner did not allege or otherwise show that section 7491(a) applies.  See sec. 7491(a)(2)(A) and (B).  Therefore, section 7491(a) does not shift the burden of proof.

In unreported income cases, the Commissioner must base the deficiency on some substantive evidence that the taxpayer received the unreported income. Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.  If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer.  Id.  The Forms W-2 from Audio Visual Projection Services, Inc., and from Swank Audio Visuals, LLC, are sufficient evidence to shift the burden of proof to petitioner.

We also note that section 6201(d) provides that in any court proceeding, where a taxpayer asserts a reasonable dispute with respect to any item of income

reported on an information return and the taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable and probative information concerning the deficiency in addition to the information on the return. The key term in the foregoing sentence is "a reasonable dispute." This Court has concluded that a taxpayer does not raise a reasonable dispute for purposes of section 6201(d) merely by testifying that he is uncertain, cannot remember, or does not know. See, e.g., Agudelo v. Commissioner, T.C. Memo. 2015-124, at *10; Parker v. Commissioner, T.C. Memo. 2012-66.

Petitioner testified that he did not know whether he received the income. Thus, he did not raise a reasonable dispute for purposes of section 6201(d) and section 6201(d) does not apply. Accordingly, respondent does not have the burden of producing reasonable and probative information concerning the deficiency in addition to the information on the return.

The Forms W-2, from Audio Visual Projection Services, Inc., for $3,767 and from Swank Audio Visuals, LLC, for $404 reflect that these two employers paid wages to petitioner. Petitioner acknowledges that he performed services for each of the employers. Petitioner's uncertainty as to whether he received wages earned from these two employers was no doubt caused in part by his incarceration in early 2011. However, petitioner's uncertainty does not satisfy his burden of

proof. We conclude that petitioner has failed to satisfy his burden of proving that he did not receive the omitted income and respondent's determination is sustained.

## II. Section 6651 Additions to Tax

### A. Failure To Timely File Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (including extensions) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[3]

Respondent has satisfied his burden of production under section 7491(c), since the parties stipulated that respondent received petitioner's 2010 tax return on November 5, 2014.[4] Therefore, petitioner bears the burden of proving that his failure to file a return was due to reasonable cause and not due to willful neglect.

---

[3]If the Secretary makes a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2). Sec. 6651(g).

[4]The record does not address whether petitioner requested an extension of time to file his return for 2010. Petitioner does not assert that he requested an extension. The tax return for 2010 would normally have been due on April 15, 2011. The latest date to which petitioner could have extended the time for filing his 2010 return was October 17, 2011. See sec. 1.6081-4, Income Tax Regs. The addition to tax under sec. 6651(a)(1) is calculated at 5% per month or any part thereof, not to exceed 25% of the amount of tax required to be shown on the tax return. Petitioner did not file his tax return until November 5, 2014, at least three years after the due date.

See Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Ruggeri v.

Commissioner, T.C. Memo. 2008-300.

B.      Failure To Timely Pay Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount

shown as tax on the taxpayer's return on or before the date prescribed unless the

taxpayer can establish that the failure is due to reasonable cause and not due to

willful neglect.[5]

Respondent has satisfied his burden of production under section 7491(c) by

establishing that petitioner did not pay the tax due for 2010 by the due date of

April 15, 2011.  Therefore, petitioner bears the burden of proving that his failure

to timely pay tax was due to reasonable cause and not due to willful neglect.  See

Higbee v. Commissioner, 116 T.C. at 446; Ruggeri v. Commissioner, T.C. Memo.

2008-300.

C.      Exceptions to Section 6651 Additions to Tax

Reasonable cause is a defense to the section 6651(a)(1) and (2) additions to

tax.  Petitioner contends that he was unable to timely file his return and pay his tax

because he was incarcerated and his business records were confiscated.  This

---

[5]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month to which an addition to tax applies under both paragraphs.  Sec. 6651(c)(1).

Court has previously concluded that incarceration at the time the return was due does not constitute reasonable cause for failure to timely file. See, e.g., Mendes v. Commissioner, 121 T.C. 308, 321 (2003); Thrower v. Commissioner, T.C. Memo. 2003-139. In Cherry v. Commissioner, T.C. Memo. 2013-3, at *12, this Court concluded that a taxpayer did not have reasonable cause for failure to file when he was incarcerated and lost his records. In Kohn v. Commissioner, T.C. Memo. 2009-117, aff'd, 377 F. App'x 578 (8th Cir. 2010), this Court concluded that the criminal investigation and incarceration of a taxpayer did not constitute reasonable cause for either his failure to timely file his return or his failure to timely pay the tax shown on the return. On the basis of the facts in this case, we conclude petitioner has not shown his failure to timely file a return or timely pay tax was due to reasonable cause. Petitioner is liable for the section 6651(a)(1) and (2) additions to tax.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.