STATE, THE UNITED RAILROAD AND CANAL COMPANIES, PROSECUTOR, v. CHARLES WELDON ET AL.

1. The charter of a corporation, if irrepealable, is protected by the same constitutional provisions which render inviolable contracts between individuals—that the legislature shall not pass any law impairing the obligation of contracts, or depriving a party of any remedy for enforcing a contract which existed when the contract was made; and the rules for the construction of these constitutional provisions, as applicable to contracts between individuals, apply as well to contracts by the state with corporations having irrepealable charters.

2. The rule that the legislature does not impair the obligation of a contract by limiting or altering the modes of proceeding for enforcing it, provided the remedy be not withheld or embarrassed with conditions or restrictions which impair the value of the right, applies as well to irrepealable charters as to contracts between individuals.

3. The charter of a railroad company, which was irrepealable, gave the company the power to take lands by condemnation, and provided for an appeal by the land-owner, from the award of damages, to a certain court. *Held,* that a general statute which took away the right to ap-

peal to that court, and gave an appeal to another court on the same terms and conditions, and with the same mode of trial, was not unconstitutional.

On *certiorari* to Hudson Pleas. In matter of proceedings to condemn.

The prosecutor is a corporation created by the consolidation of the Delaware and Raritan Canal Company, the Camden and Amboy Railroad Company, and the New Jersey Railroad and Transportation Company, in virtue of powers to consolidate granted by the legislature. *Pamph. L.* 1867, *p.* 114; *Pamph. L.* 1872, *p.* 567, § 1402. The charters of each of the consolidated corporations were irrepealable, and therefore contracts with the state. *State* v. *Com'rs of Railroad Taxation,* 8 *Vroom* 240. By subsequent acts the consolidated company was empowered to obtain additional lands for railroad purposes, by the appraisement of commissioners in the manner prescribed by the original charter or act of incorporation of the New Jersey Railroad and Transportation Company.

The sixth section of the charter of the New Jersey Railroad and Transportation Company provides that the commissioners shall be appointed upon application to a justice of the Supreme Court, and that the owner of the lands or materials taken by the condemnation, who is aggrieved by the decision of the commissioners, may appeal therefrom to the next Court of Common Pleas in the county where the lands lie, reserving to either party the right of trial by jury in such courts. *Pamph. L.* 1832, *p.* 98.

These proceedings to condemn were begun by application to a justice of the Supreme Court in March, 1882. The commissioners appointed made report January 4th, 1883. The land-owner took his appeal to the Court of Common Pleas. A motion to dismiss the appeal was made in that court, and was denied.

Argued at November Term, 1884, before Justices DEPUE and SCUDDER.

For the plaintiff in *certiorari, J. B. Vredenburgh.*

*Contra, Wm. Brinkerhoff.*

The opinion of the court was delivered by

DEPUE, J.   By an act of the legislature, passed March 9th, 1877, the legislature enacted that in all cases where it is provided by any act of incorporation or law of the state that any owner of real estate, land or materials taken in pursuance of such act or law may appeal from the decision or judgment of commissioners appointed under such act or law, to the Court of Common Pleas in the county where the lands lie, such appeal should thereafter be made to the Circuit Court of such county, and that such appeal might be taken by either party, reserving to either party the right of trial by jury in such court.   *Rev., p.* 1278.   This act, as a matter of construction, would operate to repeal the provisions of the charter of this company, allowing an appeal to the Court of Common Pleas, and substitute in its place an appeal to the Circuit Court. *Mech. Bank* v. *Bridges,* 1 *Vroom* 112; *Industrial School* v. *Whitehead,* 2 *Beas.* 290; *State* v. *Com'r of Railroad Taxation,* 8 *Vroom* 228.

The appellant contends that the act of 1877 is unconstitutional and void, as applied to the company's charter, and is therefore inoperative to change the forum of appeal, there being no proof that the company had accepted the provisions of the act.   The application for the appointment of commissioners was made to a justice of the Supreme Court, in compliance with the original charter, and the proceedings, down to the filing of the commissioners' report, were had under that authority.   In these proceedings the company has not, in any respect, acted under or exercised any power conferred by the act of 1877.   There was therefore no implied acceptance of this act by the company, nor does there appear to have been any acceptance of its provisions by direct action or otherwise.

It was insisted by the counsel of the prosecutor that the act of 1877, having given the company a right which it had not

before—the right to appeal—was, in that respect, for its advantage, and the acceptance of the act would be presumed. I doubt very much the solidity of the position that an amendment to a charter which contains some feature advantageous to the corporation will be presumed to have been accepted, in the absence of proof that the company in some way acted under it, as applied to corporations having irrepealable charters. We prefer to place this case on the more stable ground that the act of 1877 wrought no change in the company's charter which was within the constitutional prohibition.

The charter of a corporation is a contract with the state, and, if irrepealable, is protected by the same constitutional provisions which render inviolable contracts between individuals—that the legislature shall not pass any law impairing the obligation of contracts or depriving a party of any remedy for enforcing a contract which existed when the contract was made. The rules for the construction of these constitutional prohibitions, as applicable to contracts between individuals, apply as well to contracts by the state with corporations created under charters which are irrepealable.

In *Rader* v. *S. E. Road District*, 7 *Vroom* 273, the legislature projected a plan of public improvement, and created a special municipal body as a corporation to contract for and execute the work, and make assessments to provide the means of payment. This corporation made a contract with a contractor to perform part of the work. Subsequently the legislature extinguished the original corporation and substituted in its place another municipal body with exactly the same functions and powers, and imposed upon it the obligation to perform the contracts of its predecessor. The contractor brought suit on his contract against the original corporation, and contended that the repealing act either impaired the obligation of his contract or deprived him of a remedy upon it which he had when the contract was made, and was therefore unconstitutional and void. This court held otherwise, and decided that the repealing act was constitutional; that it was competent for the legislature to change the form and mode of

procedure for the enforcement of the contract, provided that no substantial right of the contracting party was impaired. To the same effect is *Munday* v. *Rahway*, 14 *Vroom* 338 ; *S. C.*, 15 *Vroom* 395. A subscription to the stock of a corporation is a contract of the subscriber with the corporation then existing. This contract is not abrogated by a subsequent change in the name of the corporation by legislative authority. *D. & A. R. R. Co.* v. *Irick*, 3 *Zab.* 321. The legislature does not impair the obligation of a contract by limiting or altering the modes of proceeding for enforcing it, provided that the remedy be not withheld or embarrassed with conditions or restrictions which impair the value of the right. The legislature may change the remedy, provided no substantial right secured by the contract is impaired. *Tennessee* v. *Sneed*, 96 *U. S.* 69 ; *South Carolina* v. *Gaillard*, 101 *U. S.* 433–439 ; *Morawetz on Corp.*, § 448. These principles are applicable to the case in hand. The original charter of the company gave the land-owner the same right of appeal as the act of 1877 did, and the right of either party to trial by jury given by the charter is retained in the subsequent act. The only change that was made was in the mode of procedure—in the forum in which the appeal should be tried.

*Railroad Co.* v. *Hecht*, 95 *U. S.* 168, is a precedent quite in point. There the company had a charter which provided that process against the company should be served on the president in a particular manner. A subsequent act provided that process against corporations might, in certain contingencies, be served on the clerk of the company. The process in the case was served on the clerk, and the company contended that that service was illegal for the reason that the later act impaired the contract in the company's charter. The court held the service to be good, and that a statute which prescribed a mode of service on a corporation different from that provided for in a charter previously granted to a particular company did not impair the obligation of the contract between such company and the state. The state may, without violating this constitutional provision, change the mode of taking

lands, transfer the duty of assessing the damages from one tribunal to another, give a right of appeal, and extend the time within which claims for damages may be made. *Pierce on Railroads* 451.

Without adverting to the line of cases which discuss the right of the state to exercise governmental and police powers over corporations having irrepealable charters, enough has been said to show that the statute in question was a valid exercise of legislative power as applied to this company's charter.

The appeal was improperly taken to the Common Pleas, and should have been dismissed.