## STATE ex McDONALD et v KROEGER et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1484. Decided Jan 11, 1938

Henry H. Hollencamp, Dayton, Allen C. McDonald, Dayton, for relators.

Murphy, Murphy & Mayl, Dayton, for William Kroeger, Superintendent.

McConnaughey, Démann & McConnaughey, Dayton, for defendants.

## OPINION

By BARNES, PJ.

The above is an original action in this court praying for a writ of mandamus against the defendant, William H. Kroeger, as superintendent of Building & Loan Associations of the State of Ohio, James J. Gibson, as deputy superintendent of Building & Loan Associations in connection with the Dayton Building & Savings Association of Dayton, Ohio, and O. J. Emrick, Ruth Schneider, William J. Blackburn, Jacob Schwartz, George Rogge, Susan H. Wuist and Freda W. Keller, as officers and defacto directors of said The Dayton Building & Savings Association of Dayton, Ohio, directing the defendant superintendent to file a certificate as provided in the last paragraph of §687-23 GC; and that the

officers and directors of the association be required to call a special meeting of stockholders for the election of a new board of directors, etc.

To the petition two separate demurrers have been filed, one by defendant Kroeger as superintendent, and the other by the remaining defendants. The petition is rather lengthy, but the following short summary of facts will disclose the nature of the questions in controversy.

On September 29, 1933, the superintendent of Building & Loan Associations of the State of Ohio took possession of the business and property of The Dayton Building & Savings Association, Dayton, Ohio, for liquidation as provided in §687, et seq. GC.

On the 19th day of November, 1935, the superintendent, acting under the provisions of §687-22a, GC transferred the further liquidation of said association to the association to be conducted as provided in §687-2⁷ GC, and on the the same day caused to be filed with the Secretary of the State of Ohio a certificate under his official seal reciting such order, and since that date the said association has been liquidating its business and property subject to the supervision of the superintendent.

On the 17th day of October, 1936 the superintendent filed in the Common Pleas Court of Montgomery County, Ohio, an application wherein was set forth the various steps taken in furtherance of the liquidation of said association and sought approval of the court authorizing the said association to resume business upon a restricted basis and upon limitations and conditions set forth in the application. The rights, limitations and restrictions were set forth in the application at length, and in substance are as follows:

1. Upon resuming business, said association shall have all the powers and be subject to all of the limitations imposed by the General Code of Ohio, but subject to the following conditions and limitations:

(a) Said association shall not be authorized or permitted to receive money on deposit or stock deposits.

(b) Said association shall not be authorized or permitted to accept subscriptions to stock or to issue stock to members upon certificates or written subscriptions. Provided, however, that said association shall be authorized and permitted to transfer on its books stock or stock credits existing at the time of such resumption of business and to issue certificates of stock and/or running stock books as evidence of such transfer.

(c) Said association shall not re-purchase stock credits nor permit the filing of applications therefor, as provided in §9651 GC, or as provided in its by-laws until so ordered by the superintendent of Building & Loan Associations.

(d) Said association shall not be authorized or permitted to make cash loans. Provided, however, that said association shall be authorized and permitted to take back a mortgage upon the sale of its own real estate when such mortgage is created through such sale and represents a part of the purchase price. And provided further that said association shall be authorized and permitted to re-write existing mortgages. All such mortgages shall be made only upon the approval of the Board of Directors.

2. The directors elected and qualified under the special election hereinafter provided for shall, within ninety days after taking office and subject to the written consent of the superintendent, adopt and submit a plan of reorganization of said association under and pursuant to the provisions of §693-1 GC.

3. Within thirty-five days after the resumption of business the directors shall issue a call for a special meeting of the shareholders of said association for the election of eight directors who shall constitute the Board of Directors; such election to be held within thirty-five days after such call. Such election shall be held in accordance with law and pursuant to such reasonable rules approved by the superintendent as will insure a fair election.

Following the filing of the application the trial court, through its journal entry, directed that said application be heard at a designated time. After hearing before the Common Pleas Court the application of the superintendent was approved and the order journalized in substantially the same form as in the application. This general entry of the trial court was under date of December 29, 1936. The application and order thereunder followed the procedure prescribed by §687-23 GC. The petition in the present action further alleges that notwithstanding said action of the Common Pleas Court and the orders therein made the defendant Kroeger, as superintendent, has failed and refused to file a certified copy of the order of said court in the office of the Secretary of State and to issue to the other defendants as alleged officers

and directors the certificate of resumption of business as provided for in said order and as contemplated by said order and sections of the General Code. Then follows the prayer for mandatory order as heretofore stated.

Counsel for superintendent base their demurrer on the following grounds:

"(1) That this court is without jurisdiction on the subject matter.

"(2) That this court is without jurisdiction of the person of the defendant, William H. Kroeger as superintendent of the Building & Loan Associations of Ohio.

"(3) That the petition does not state facts sufficient to constitute a cause of action against the defendant, the superintendent of Building & Loan Associations of Ohio.

"(4) A misjoinder of parties defendant."

The demurrer on behalf of the remaining defendants sets out as follows:

"(1) The court is without jurisdiction to hear and determine the matters and things set forth in said petition or to grant the relief prayed for therein.

"(2) The court is without jurisdiction of the person of the Board of Directors of the Dayton Building & Savings Association of Dayton, Ohio, and/or the individual members thereof.

"(3) The petition does not state facts sufficient to constitute a cause of action against the defendant.

"(4) There is a misjoinder of parties defendant.

"(5) There is a misjoinder of causes of action."

We do not deem it necessary to discuss the demurrers separately. We think the questions are so closely related that both may be determined together, although some of our comments may relate solely to one or the other of the defendants. We think under the decision of the Supreme Court in **State ex v Common Pleas Court, 124 Oh St 269,** the principle is firmly established that the Eikenbary Act invests exclusive control and supervision of Building & Loan Associations in the superintendent, subject, however, to supervisory control by the Common Pleas Court where such power is expressly granted. The case of **Slocum v Building Investment Co., 130 Oh St 312** and **State v Capital Endowment Co., 129 Oh St 654** contained pronouncements of similar import.

The Legislature is within its right when it invests exclusive control and supervision of associations in the superintendent of Building & Loan Associations.

Of course, the law is well recognized that the acts of any administrative officer or individual may be questioned for fraud or abuse of discretion.

An examination of the Eichenbary Act and other cogent sections will disclose that the Legislature sought to circumvent a possible abuse of discretion by providing that many of the orders of the superintendent would become effective only upon approval by the Court of Common Pleas in and for the county in which such Building & Loan Association was located.

Under the provisions of the Eichenbary Act great latitude is given to the superintendent in the administration of the affairs of a Building & Loan Association taken over or being liquidated under his supervision. However when the superintendent following the provisions of the Code sections, made application to the Common Pleas Court for an approval of a future plan of operation, and after hearing, the plan is approved, it then becomes a completed order and is self-executing. As this question relates to the instant case we find no legislative enactment requiring the superintendent to certify the order to the association. We can see no sane reason why this requirement should be implied. When the superintendent through his knowledge of the affairs of the association, is in position to promulgate an order, and thereunder seeks and obtains the approval of the court, such approval takes on the sanctity of a judicial decree. We cannot subscribe to a doctrine that would permit the taking of the time of the court to hear and pass upon the application of the superintendent and they say such approval means nothing.

Under this situation we think it was the duty of the superintendent to follow the provisions in the last paragraph of §687-23 GC and file the certified copy of the order in the office of the Secretary of State.

This brings us at once to the question as to whether or not the filing of this certificate is a condition precedent to the directed order to the association to call a special election for the election of directors, etc., within a period of thirty-five days. We think not. A careful reading of the application and particularly the restrictions will disclose that very little, if any additional pow-

ers were given the association than those already existing after the superintendent turned the association back to its officers for liquidation. The superintendent's application as approved by the court did make additional provisions as provided under paragraphs 2 and 3. Under paragraph 3 it was provided that the directors within thirty-five days after the resumption of business shall issue a call for a special meeting of the shareholders of said association for the election of eight directors, etc. Paragraph 2 provides that the directors elected and qualified under the special election shall within ninety days after taking office and subject to the written consent of the superintendent adopt and submit a plan of reorganization. As we construe the language of paragraph 3, the word "directors" meant the then existing directors having charge of the liquidation. The words "resumption of business" also contained in paragraph 3 refer in point of time to the approval of the plan by the Common Pleas Court. We see no well founded reason why such officials, whether properly designated as directors or defacto directors, could not immediately set the machinery in motion by giving the requisite notices of the election of directors. We hold that the filing of the certificate by the superintendent with the Secretary of State would not be a prerequisite to the call for such election. But for the positive provision under paragraphs 2 and 3 of the application as approved that such steps should be taken we might have difficulty in arriving at our present conclusion.

The demurrers raised the further question as to the right to sue the superintendent of Building & Loan Associations in Montgomery County. We recognize the general rule that an officer of the state generally must be sued in Franklin County where they have their official situs. This rule has its exception. §11271 GC is in point. It is provided in this section that actions may be brought in the county where the cause of action or part thereof arose:

"2. Against a public officer for an act done by him in virtue or under color of his office or for neglect of his official duty."

The act of the superintendent of Building & Loan Associations as it related to the subject matter of the present controversy occurred exclusively within Montgomery County. Our court, on the 16th of May, 1933, in the case of State of Ohio ex v Civil Service Commission and Children's

Home Trustee of Madison County (in an unreported case) had under consideration this question and there held that the Civil Service Commission might properly be joined with the board of trustees.

We also consider the same question in an unreported case in Fayette County.

The Court of Appeals of Jefferson County, in the case of State ex Belknap v Board of Deputy Supervisors of Ohio, 3 Oh Ap 190, held that the Secretary of State might be joined with the Board of Elections in the mandamus action brought in Jefferson County. The rule of law is well recognized that where a suit is properly brought in one county other necessary parties residing in other counties may be properly joined.

We hold against defendants demurrers on this question. Other matters presented through the demurrers we do not think require additional mention. Both demurrers will be overruled.

If defendants desire to file answer, same may be filed within fifteen days from the filing of the entry on the rulings on the demurrers—otherwise entry of final judgment may be made on the pleadings.

HORNBECK and GEIGER, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Jan 28, 1938

By THE COURT

The above entitled cause is now being determined on respondent's application for rehearing.

Memoranda accompanies the application.

We have carefully examined the memorandum accompanying the application and also we have examined our original opinion. We find no propositions not considered by us before releasing our opinion.

Our attention is again called to §687-11 GC. It is our conclusion that this section is not applicable under the facts presented in relator's petition. We call attention to the second paragraph in the above section, which reads as follows:

"The order of the court on such application shall not be deemed a final order; but by leave of court an independent suit may be brought and maintained by any such person deeming himself aggrieved thereby to restrain any action thereby authorized."

The action in the instant case makes no complaint as to the discretion exercised by the superintendent or the approval of his order made by the Common Pleas Court. On the contrary the present action asks that the order be carried out. We agree that the superintendent had a discretion to determine when, if at all, he would make his application under §687-23 GC. We think also that he had control of this action up until the time of the hearing and, before hearing, might at any time have dismissed. However, we are unable to follow the argument that he may invoke the jurisdiction of the Common Pleas Court; bring the action to a final hearing and determination and then claim the right to exercise a right to make the order effective or not at his will. This same section §687-23 GC, as we view it, makes it mandatory upon the superintendent to file a certified copy of the order with the Secretary of State. The pertinent part of this section contained in the last paragraph reads as follows: "The superintendent shall file a certified copy of such order in the office of the Secretary of State."

Our attention is called to the case of The Cairo & Fulton Ry. Co. v Hecht, 95 U. S. 168-170, in which case the Supreme Court determined that as against the government the word "shall" when used in statute is to be construed as "may" unless a contrary intention is manifest. If this case is applicable, which we doubt, we think the legislative intent is manifest that the word "shall" should have its ordinary meaning. To construe it as meaning "may" would be contrary to the manifest intent.

The present action is in no sense an action against the state but clearly is an action against an officer to require him to follow a clear mandate of the law.

The application for rehearing will be overruled.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.