**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1036
_____

DAVID JAHN,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. No. 07-6162)
Tax Court Judge:  Honorable Maurice B. Foley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2010

Before: FUENTES, GREENAWAY, JR. and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 20, 2010)

_____

OPINION
_____

PER CURIAM

David Jahn did not file an income tax return for several years, including 2004.

The Commissioner executed a return for him pursuant to Internal Revenue Code

("I.R.C.") § 6020(b).  In the return, the Commissioner allowed Jahn the standard

deduction and assessed a deficiency. Jahn filed a petition in Tax Court to challenge the determination, arguing in pertinent part that he was entitled to itemize deductions. The Tax Court disagreed. Jahn appeals.

We have jurisdiction pursuant to 26 U.S.C. § 7482. Our review of the Tax Court's resolution of a question of law is plenary. See Lerman v. Commissioner, 939 F.2d 44, 46 (3d Cir. 1991). Upon review, we will affirm the Tax Court's decision.

As the Tax Court held, a taxpayer must file a return in order to itemize deductions. The I.R.C. provides that "unless an individual makes an election under [I.R.C. § 63(e)] for the taxable year, no itemized deduction shall be allowed for the taxable year." I.R.C. § 63(e). The I.R.C. also directs that the election "shall be made on the taxpayer's return." Id. Jahn did not file a return or properly claim itemized deductions on a return, so he was not entitled to them. See id.; see also I.R.C. § 63(b) (stating that an individual who does not elect to itemize his deductions for the taxable year is entitled to the standard deduction). In his reply brief, Jahn urges us to interpret the word "shall" in I.R.C. § 63(e)(2) ("[a]ny election . . . shall be made on the taxpayer's return") as permissive instead of mandatory. See R.R. Co. v. Hecht, 95 U.S. 168, 170 (1877). However, in the context of I.R.C. § 63(e), which uses the word "may" to denote a permissive action, see I.R.C. § 63(e)(3), we conclude that "shall" describes a mandatory requirement.

Jahn also argues that he was denied his right under 26 U.S.C. § 6213 to file a petition with the Tax Court for the redetermination of a deficiency. He further contends

2

that the Tax Court erred by failing to consider his evidence, namely his statement of deductions and exemptions. We reject his contentions. He filed, and the Tax Court considered, his petition for redetermination of the deficiency. A decision unfavorable to him is not equivalent to a denial of the right to petition for a redetermination of a deficiency. Furthermore, in coming to its decision, the Tax Court recognized that Jahn sought to itemize deductions (and heard his other arguments, including his argument relating to why he should not sign a tax return). Although Jahn initially mentioned exemptions in his petition and repeats the fleeting reference in his opening brief on appeal, we conclude that he has waived the issue, having nowhere developed it. See Emerson v. Thiel College, 296 F.3d 184, 190 n.5 (3d Cir. 2002); cf. DIRECTV, Inc. v. Seijas, 508 F.3d 123, 125 n.1 (3d Cir. 2007).

For these reasons, we will affirm the Tax Court's decision. We deny Jahn's motion for leave to file a supplemental brief.[1]

---

[1] We note that Jahn provided no reason why he did not raise the argument in his proposed supplemental brief sooner. In any event, the argument would not have changed the disposition of this case.